| | AUSA: | Phillip Jacques | Telephone: | (313) 226-9654 |
|---|---|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint | Special Agent: | Jameria Caldwell | Telephone: | (313) 202-3400 |

# UNITED STATES DISTRICT COURT
### for the

## Eastern District of Michigan

United States of America
  v.

Carnell McCreary

Case No.

Case: 2:26−mj−30228
Assigned To : Unassigned
Assign. Date : 4/23/2026
Description: RE: SEALED MATTER
(EOB)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ April 20, 2026 _____ in the county of _____ Wayne _____ in the _____ Easdtern _____ District of _____ Michigan _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C.§ 922(g)(1) | Felon in possession of a firearm |

This criminal complaint is based on these facts:
see attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Jameria Caldwell, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: _____ April 23, 2026 _____

_____
*Judge's signature*

City and state: Detroit, MI

Hon. David R. Grand, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Jameria Caldwell, being duly sworn, depose and state the following:

## I.     INTRODUCTION

1.     I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosive (ATF) and have been since September 2015. I graduated from the Criminal Investigator Training Program and the ATF Special Agent Basic Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia. During my employment with the ATF, I have conducted and/or participated in numerous criminal investigations focused on firearms, narcotics, armed drug trafficking violations, and criminal street gangs.

2.     I make this affidavit from personal knowledge based on my participation in this investigation, including interviews conducted by myself and/or other law enforcement agents, communications with others who have personal knowledge of the events and circumstances described herein, review of reports by myself and/or other law enforcement agents, and information gained through my training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all the information known to law enforcement related to this investigation.

3. The ATF is currently investigating Carnell MCCREARY for violating 18 U.S.C. § 922(g)(1), being a felon in possession of a firearm.

## II. PROBABLE CAUSE

4. On April 20, 2026, at approximately 12:30 p.m., the Detroit Police Department (DPD) received a 911 call from a male caller at XXX11 Holmur, Detroit, Michigan for an ongoing felonious assault. The male caller advised that his neighbor pulled two firearms out on him, hit him in the back of the head with one firearm and shot at him.

5. Members of the DPD arrived and spoke to the male caller. At this time, the caller confirmed the information provided during the call to 911 and added that he called his neighbor, who was later identified as Carnell MCCREARY DOB: XX/XX/1972, to ask if he was in his backyard the night before. During the call, an argument ensued regarding a garbage can. Due to MCCREARY and the caller being neighbors and having no prior issues, the caller went to MCCREARY's residence, which is a two-family flat. The caller knocked on the door, and the lower-level occupant came outside and began talking to the caller. At this time, MCCREARY was observed by the caller coming downstairs with two firearms pointed toward the caller, one being a semi-automatic handgun and the other being a "snub nose" revolver. The lower-level occupant confirmed he allowed the caller to borrow the garbage can, MCCREARY was still upset and

2

ultimately stated "B\*\*\*h a\*s n\*\*\*a get the f\*\*k off of my porch." The male caller

ultimately turned to leave the porch, at which time, MCCREARY hit the male

caller in the back of the head with one of the firearms. The male caller turned to

face MCCREARY and exited the porch backwards, at which time, MCCREARY

fired at the caller. While returning to his residence, the male caller heard

MCCREARY shout "N\*\*\*a who you think I am, I'm C Murda!" Police observed

visible swelling to the back left side of the male caller's head. The male caller also

heard MCCREARY advise B\*\*\*h a\*s n\*\*\*a come down the street, I ain't got the

guns now!"

6.      Officers attempted to make contact with MCCREARY, who was

inside of his residence. Officers were unsuccessful for approximately thirty

minutes. MCCREARY eventually came outside and was detained by DPD without

incident. At this time, Officers observed one (1) spent shell casing on the front

porch of the residence. MCCREARY was placed in handcuffs and transported to

the Detroit Detention Center (DDC) for processing and lodging.

7.      Members of the DPD obtained and executed a state search warrant for

MCCREARY's residence located at XXX39 Holmur, Detroit, Michigan. Officers

recovered the following:

        a. One (1) spent .45 caliber shell casing from the front

           porch,

b. Numerous rounds of mixed ammunition from inside the residence,

c.  Firearm magazines from inside the residence,

d. One (1) black Sig Sauer, P227, .45 caliber pistol with serial number: 51B008937 from inside the residence,

e. One (1) Ruger, LCP, .380 caliber serial number: 372463473 from inside the residence,

f. One (1) Smith and Wesson long OTG.22 caliber revolver, serial number: unknown from inside the residence,

g. One (1) Silver Smith and Wesson 38 special, .38 caliber revolver with serial number: DCD2324 from inside the residence,

a. One (1) Arminius Titan, .38 caliber revolver with serial number: 0050097 from inside the residence,

8.     During an interview with members of the DPD, MCCREARY advised that he lives alone, despite his girlfriend being present at the location.

9.     On April 22, 2026, I consulted with Special Agent (SA) Jimmie Pharr, an interstate nexus expert. SA Pharr stated that the firearms, based on the written description provided, without physically examining them, are all firearms as

4

defined by federal law and were manufactured outside the state of Michigan and therefore traveled in and affected interstate commerce.

10.    I reviewed records related to MCCREARY's criminal history and learned that MCCREARY is a previously convicted felon. MCCREARY has the following felony convictions:

    a. July 1993 – Felony controlled substance possession,

    b. October 1993 – Felony assault with a dangerous weapon and was sentenced to one to four years in prison, and

    c. 2002 – Felony aggravated stalking (two counts)

11.    Based on my training and experience, I understand that individuals who plead guilty to felony offenses are advised at their plea/sentencing hearings of the consequences of their guilty plea, including the nature of the offenses that they have pleaded guilty to. I also understand that individuals who have served prison sentences for felony offenses are similarly advised that they are felons and are not permitted to possess firearms. Based on the above, I have probable cause to believe that MCCREARY knew he had previously been convicted of an offense punishable by more than one year in prison.

## III.    CONCLUSION

1.    There is probable cause to believe that on April 20, 2026, in the Eastern District of Michigan, Carnell MCCREARY knowingly possessed firearms

after having been convicted of a felony offense, that he knew of his felony status at the time, and that the firearm affected interstate or foreign commerce, all in violation of 18 U.S.C. § 922(g)(1

Special Agent Jameria Caldwell
Bureau of Alcohol, Tobacco, Firearms and
Explosives.

Sworn to before me and signed in my presence
And/or by reliable electronic means.

Honorable David R. Grand
United States Magistrate Judge

Date:   April 23, 2026

6