UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 26-CR-20326
HON. MARK A. GOLDSMITH

CARNELL MCCREARY,

Defendant.
_________________________________/

**SUPPLEMENTAL OPINION & ORDER DENYING DEFENDANT'S CHALLENGES TO STATE SEARCH WARRANT (Dkts. 22, 26, 52)**

Before the Court is Defendant Carnell McCreary's challenges to a state court search warrant that are mentioned in multiple filings (Dkts. 22, 26, 52). For the reasons set forth below, the Court denies McCreary's challenges.[1]

## I. BACKGROUND

McCreary was indicted on two counts of 18 U.S.C. § 922(g)(1) for felon in possession of a firearm and in possession of ammunition. Indictment (Dkt. 17). The indictment stems from an alleged incident that occurred on April 20, 2026 where McCreary argued with a neighbor. Resp. at PageID.494. During the argument, McCreary allegedly pistol-whipped his neighbor and fired his gun at him. Id. at PageID.494–495. That same day, Detroit Police Department obtained and executed a state search warrant for McCreary's house. Id. at PageID.495. Inside McCreary's house, officers found five firearms and ammunition. Id.

## II. ANALYSIS

[1] In addition to McCreary's filings, the briefing includes the Government's response (Dkt. 66). The Court heard argument on the issue on October 15, 2026.

McCreary filed a motion to dismiss the criminal complaint where he argued, among other things, that the Court did not have personal or subject matter jurisdiction over him. Mot. to Dismiss Compl. at PageID.39–45 (Dkt. 22). He also argued that the state search warrant used to search his home was a "general warrant" and that it did not comply with Michigan Court Rule 1.109(A)(1) as it was "not filed" so it was not a "court record." Id. at PageID.41–42. He filed another motion to dismiss the indictment against him. Mot. to Dismiss Indictment (Dkt. 26). Among other arguments, McCreary again argued that the search warrant was invalid for the reasons he stated in his motion to dismiss the complaint. Id. at PageID.68–69. He added that the warrant was invalid because it contained hearsay and because he was acting in self-defense. Id.

The Court denied the motions. See 9/9/26 Op. & Order (Dkt. 47). McCreary filed an objection to the opinion arguing that it did not sufficiently address his search warrant arguments. Objection at PageID.216–217 (Dkt. 52). The Court held a final pretrial conference on October 15, 2026 where McCreary repeated many of the arguments made in his motions; he also asserted that the search warrant was invalid because it did not contain a seal of authentication from the court, only the judge's signature. 10/15/26 Hr'g. Tr. at PageID.429–442 (Dkt. 63). Further, he questioned whether the state judge actually signed the warrant and requested an evidentiary hearing. Id.

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched . . . ." U.S. Const. amend. IV. To demonstrate probable cause, an officer "must submit an affidavit that indicates a fair probability that evidence of a crime will be located on the premises of the proposed search." United States v. Hines, 885 F.3d 919, 923 (6th Cir. 2018) (punctuation modified).

The search warrant meets these requirements. It contains a sworn affidavit from Detroit Police Detective Gary Przybyla who attests that officers received a call of shots fired at 14711

Fullerton, Detroit, Michigan. Search Warrant Aff. at PageID.510 (Dkt. 66-1). Upon arriving at the scene, officers spoke with an individual who stated that he got into a disagreement with his neighbor, identified as McCreary, about a trash can and that his neighbor "produced a black handgun[,]" struck him in the head with it, and fired at least two shots at him. Id. The affiant stated that another officer saw McCreary run into his residence as officers arrived on the scene and that officers observed two spent shell casings on the front steps of McCreary's residence. Id. Further, the warrant describes with particularity the place to be search and the items to be seized at McCreary's residence for evidence of firearms, ammunition, firearm accessories, and other items related to felonious assault. Id. at PageID.509. Therefore, the warrant is not "general" and comports with Fourth Amendment requirements.

McCreary's other arguments also fail. Although McCreary complains that the warrant is based on hearsay, a search warrant may be based on hearsay. United States v. Gunter, 551 F.3d 472, 479 (6th Cir. 2009) ("It is well established that a magistrate may rely on hearsay evidence in making his probable cause determination.") (punctuation modified). And there is also no requirement that a warrant comply with Michigan Court Rule 1.109(A)(1) regarding filing, or that it must be "filed" to be valid. Nor is there a requirement that the warrant contain a seal.

As for the signing of the warrant, McCreary "bears the burden, as the party seeking to suppress the evidence, of proving by a preponderance of evidence that the judge 'did not authorize the issuance' of the signed warrants." United States v. Hill, No. 22-20452, 2025 WL 1728688, at *3 (E.D. Mich. June 20, 2025). McCreary's simple questioning of the signature—without offering any facts that it was not signed by a judge—is insufficient to meet this burden. In any case, the Government's response contains an affidavit from the warrant's affiant stating that he submitted the affidavit to the state court and that it was signed by a judge. Pryzbyla Aff. at PageID.508 (Dkt.

66-1). And the copy of the warrant plainly bears a judge's signature and Michigan bar license number. Search Warrant Aff. at PageID.510.

"An evidentiary hearing is required only if the motion is sufficiently definite, specific, detailed, and non-conjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question." United States v. Ickes, 922 F.3d 708, 710 (6th Cir. 2019) (punctuation modified). This principle is illustrated in Cohen v United States, 378 F.2d 751 (9th Cir. 1967), where the court affirmed denial of an evidentiary hearing for a motion to suppress, given that the motion papers contained mere conjecture that IRS agents had improperly accessed information, but no basis for the conjecture was stated and "supporting detail" was lacking. Id. at 761. The same is true here. McCreary merely speculates that a judge failed to sign the warrant; this is insufficient for an evidentiary hearing.

Even if the Court were incorrect on these issues, any Fourth Amendment violation is overcome by the good faith exception. The exclusionary rule does not apply where officers acted in good faith and reasonably relied on a search warrant that was later found to be invalid. United States v. Leon, 468 U.S. 897, 922 (1984). The good-faith exception applies unless: (i) the affidavit contained a knowing or reckless falsity; (ii) the issuing judge wholly abandoned his judicial role; (iii) the affidavit is so lacking in probable cause as to render official belief in its existence entirely unreasonable; or (iv) the officer's reliance on the warrant was neither in good faith nor objectively reasonable. United States v. Abboud, 438 F.3d 554, 578 (6th Cir. 2006). McCreary has not made any allegations that any of these factors exist. And a review of the record presented reflects no basis to make a reasonable case that any of these factors are present to overcome the good faith exception.

Accordingly, McCreary's challenge to the search warrant is denied.

**SO ORDERED.**

Dated: November 18, 2026
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 18, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager